OPINION
Appellant, Timothy King, appeals the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, ordering an increase in the amount of child support he pays.
In 1987, Timothy and Laurie King terminated their marriage. They agreed, and the court ordered, that Mr. King would make monthly child support payments for their three minor children. They occasionally modified the child support order, as when their eldest child reached emancipation. Mr. King has been paying $410.41 per month for the two remaining minor children.
In September 1999, the Franklin County Child Support Enforcement Agency ("CSEA") notified Mr. King that it was conducting a review of his child support obligation. He provided documentation of his income.
In November 1999, CSEA filed in the trial court, and served on Mr. King, an "Administrative Adjustment Recommendation and Notice of Right to Request Administrative Hearing." This document recommended that the court increase Mr. King's child support obligation to $952.15 per month.
Pursuant to the notice he received of this recommendation, Mr. King requested an administrative hearing. A hearing was held in January 2000, at which he appeared.
Pursuant to that hearing, CSEA issued a "modified recommendation" in March 2000, again serving a copy on Mr. King. In this document, CSEA recommended that the court increase the child support obligation to $950.89 per month. In addition, the document advised the parties of their right to a hearing before the court, warning that the court could include the recommendation in an order unless a hearing was requested. Specifically, the document stated that, "if neither party submits a written request to the CSEA for a court hearing within fifteen (15) days," CSEA would submit the new amount of child support to the court for inclusion in an order revising Mr. King's child support obligation.
Upon receipt of this notice, Mr. King submitted a written request for a court hearing, which the court construed as a motion. Mr. King delivered a copy of the motion to CSEA and mailed a copy to Laurie King, now Laurie Huber.
A court hearing was scheduled but continued. A second hearing was also continued, apparently due to lack of notice to Ms. Huber. The hearing was scheduled again, at which time the court was informed of continuing difficulties obtaining service of a hearing notice on Ms. Huber. According to Mr. King, the court indicated that his motion could not be adjudicated in the absence of notice to Ms. Huber, and Mr. King agreed to withdraw it. The motion was dismissed without prejudice.
On or about January 25, 2001, CSEA filed a proposed entry with the trial court, providing, in pertinent part, as follows:
 Pursuant to R.C. 3113.216 the Child Support Enforcement Agency has conducted a review of the existing child support order issued in this case. The parties were served with a copy of the recommendation resulting from the review and the notices required by R.C. 3113.216(C) including notice that the Child Support Enforcement Agency would submit its recommendation for a revised amount of child support to the court for inclusion in a revised child support order if neither party requests an administrative hearing within thirty days. Neither party requested an administrative hearing within thirty days.
 It is therefore ordered that Timothy King pay child support in the amount of * * * $950.89 monthly * * * effective 9-01-1999. [Emphasis added.]
The trial court adopted this order, entering it on January 25, 2001, and serving a copy on Mr. King. Upon receipt of the judgment entry, Mr. King filed a motion for new trial, arguing that he was unaware that the proposed entry had been presented to the court and that he had not been given an opportunity to challenge the proposed entry before it was signed by the court. He states that the trial court, on receipt of his motion for new trial, advised him to file a notice of appeal.
On February 21, 2001, Mr. King filed the present appeal. In due course, he filed an appellant's brief. Laurie Huber was served but did not file an appellee brief. No brief was filed by CSEA.
App.R. 18 provides as follows, in pertinent part:
(C) Consequence of failure to file briefs
 * * * If an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, the appellee will not be heard in oral argument * * * and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
In the present appeal, appellee did not file a brief. Based on App.R. 18, we accept appellant's statement of facts as correct.
Appellant sets forth the following assignments of error:
 1. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ACCEPTING, APPROVING AND ADOPTING THE JANUARY 25, 2001 ENTRY, ALLOWING OHIO REVISED CODE SECTION 3113.21.6 TO OPERATE IN A MANNER THAT VIOLATES THE SEPARATION OF POWERS SET FORTH IN THE OHIO CONSTITUTION.
 2. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ACCEPTING, APPROVING AND ADOPTING THE JANUARY 25, 2001 ENTRY, ALLOWING OHIO REVISED CODE SECTION 3113.21.6 TO OPERATE IN A MANNER THAT VIOLATES PETITIONER TIMOTHY KING'S DUE PROCESS RIGHTS.
We conclude that the notices and hearings provided by CSEA and the court are sufficient to assure due process in most cases. Where CSEA informs the court that neither party has pursued an administrative challenge to the recommendation, and where no motion for hearing is pending in the trial court, the trial court is within its discretion to approve CSEA's recommendation without an additional opportunity for hearing, as long as a post-judgment remedy is available in the trial court for those cases in which CSEA has erroneously represented that the parties waived hearing, or where other similar error has occurred. Where the parties have waived hearing at the administrative level, it is reasonable for the court to assume that the parties have no objection to the recommendation. Given that the parties are served with a copy of the recommendation by CSEA and that the copy includes notice of the right to hearing before the court, the court acts reasonably in approving the proposed order when there is no pending motion for hearing.
Nonetheless, clerical errors can occur, for which there must be an adequate remedy in the trial court. In the present action, CSEA represented to the trial court that "neither party" had "requested an administrative hearing," which, according to Mr. King, was inaccurate. He argues that the judgment entry is defective because it states that there was no request for an administrative hearing, which is simply not correct. Indeed, the record indicates that he did request an administrative hearing, which was held and resulted in a modified recommendation, which he then challenged by filing a request for a judicial hearing.
We find his argument well-taken. Although we find no procedural defect in the lack of a prejudgment hearing, we conclude that the trial court erred in failing to afford Mr. King a post-judgment hearing upon his request. We conclude that the trial court may approve and adopt proposed entries from CSEA like the one here, based on CSEA's representation that neither of the parties challenged the recommendation administratively and based on the absence of a pending motion for review by the trial court. In other words, when CSEA represents to the court that all parties were informed of, but waived, their right to an administrative hearing, the court may accept the representation and adopt the proposed entry without further notice to the parties. However, where a party promptly notifies the court that CSEA's representations were incorrect and alleges that he did request an administrative hearing, and provides prima facie support for the allegation, the trial court must address those allegations promptly in a post-judgment hearing.
Given the nature of the administrative procedures here, a prejudgment hearing by the court was not necessary to satisfy due process as long as a post-judgment hearing was readily available to correct an error. See, generally, Gilbert v. Homar (1997), 520 U.S. 924, 930 (and numerous decisions cited therein). The requirements of due process are flexible and call for such procedural protections as the particular situation demands. Id. The United States Supreme Court has recognized on many occasions that due process is satisfied when the state provides an opportunity to challenge a determination after it has been made, where an adequate remedy can be provided at that point. Id.We conclude that it was not constitutionally necessary under these circumstances for the trial court to hold a hearing prior to adopting the proposed entry, but that, on notice of Mr. King's protest, the court was obliged to hear his challenge to its judgment.
We conclude that the second assignment of error has merit and is sustained. The first assignment of error is, therefore, moot. We reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand this cause for hearing on Mr. King's post-judgment motion, which may be construed as a timely filed motion under Civ.R. 60. On remand, notice of hearing shall be served on all parties and CSEA as provided in the Rules of Civil Procedure. The facts set forth herein under App.R. 18 are not binding on the trial court, and Mr. King will have the usual burden of proof under Civ.R. 60.
Judgment reversed and cause remanded with instructions.
BOWMAN and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.